UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ROBERT EUGENE ALLEN (#153680)**

**VERSUS**

**LOUISIANA DEPT. OF PUBLIC SAFETY, ET AL.**

CIVIL ACTION

NO. 15-104-BAJ-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 6, 2015.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROBERT EUGENE ALLEN (#153680)

VERSUS

LOUISIANA DEPT. OF PUBLIC SAFETY, ET AL.

CIVIL ACTION

NO. 15-104-BAJ-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate previously confined at the Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana, and currently confined at the Boone County Jail in Harrison, Arkansas, filed this proceeding pursuant to 42 U.S.C. § 1983 against the Louisiana Department of Public Safety and Corrections, James M. LeBlanc – Secretary of Corrections, Bobby Jindal – Louisiana governor, Warden Tanner – EHCC, Michael Slocum, Derrick Ellis, Christy LeBlanc, Capt. Hartley - EHCC, and Capt. Lindsey - EHCC, complaining that his constitutional rights were being violated at EHCC because he was being held pursuant to a nonexistent federal detainer. He prayed for monetary damages as a result of his alleged wrongful confinement, and for an immediate release.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing

allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33.  A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).  The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.  *Denton v. Hernandez*, *supra*, 504 U.S. at 32.  Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915.  *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).  A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed.  *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

  The plaintiff alleges that in 2013, he was sentenced to serve 5 years in Acadia Parish, Docket No. 80371, to run concurrently with an unspecified federal sentence, with credit for all time served beginning from a detainer dated August 17, 2010.  The plaintiff further alleges that he was released on August 6, 2013, after serving 11 days short of 3 years, and had 2 years of parole supervision remaining.

  The plaintiff additionally alleges that, on May 5, 2014, he was arrested for absconding from parole supervision and has been in continuous custody ever since.  He asserts that under the pertinent Louisiana "Good Time Act," every 4 months and 11 days served equals one year; therefore, he has served 10 years and 1 month, which is far greater than the 5 years to which he was sentenced.

  Finally, he alleges that when he went before the parole revocation board on February 5, 2015, their decision was to release him to a federal detainer "in lieu of revocation."  The plaintiff asserts that he signed papers on February 10, 2015, stating that he had 72 hours to report to the

federal court upon his release from the Department of Public Safety and Corrections in Louisiana, but he complains of his continued confinement at EHCC, and he asserts that there is no federal detainer. The plaintiff seeks an immediate release, federal kidnapping charges against each defendant, and monetary damages.

The plaintiff's Complaint fails to state a federal constitutional claim cognizable under 42 U.S.C. § 1983, which statute provides for a private right of action against any person who, acting under color of state law, deprives an individual of rights, privileges, or immunities secured by the Constitution or laws of the United States. First, with regard to the plaintiff's claim seeking a release from confinement, this claim seeks relief obtainable only through an application for a writ of habeas corpus. This determination is made by focusing on the scope of relief sought by the petitioner. *Serio v. Members of the Louisiana State Board of Pardons*, 821 F.2d 1112, 1117 (5th Cir. 1987). In *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), the United States Supreme Court held that a challenge by a prisoner to the fact or duration of his confinement and seeking immediate or earlier release from that confinement must be pursued through a habeas corpus proceeding rather than through an ordinary civil rights action. Accordingly, because the plaintiff in this case challenges his confinement and seeks release from that confinement, his claim is subject to dismissal, without prejudice to the plaintiff's right to pursue a separate claim for habeas corpus relief.

Moreover, to the extent that the plaintiff seeks monetary relief as a result of his alleged wrongful confinement, this claim is barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that a plaintiff's claim for monetary damages arising out of an alleged wrongful conviction or confinement is not cognizable under § 1983 if "a judgment in favor of the plaintiff would necessarily imply the

invalidity of his conviction or sentence." *Id*. at 487.  In such instance, the plaintiff must show, as a prerequisite to a claim for monetary damages, that the allegedly wrongful conviction or confinement has been invalidated by a court of competent jurisdiction in a separate proceeding.  In the instant case, a resolution of the plaintiff's claim in his favor, *i.e.*, a determination that he is entitled to monetary damages because the defendants engaged in wrongdoing which resulted in his illegal confinement, would necessarily imply that such confinement should be terminated or curtailed.  Since the plaintiff has failed to allege or even suggest that his confinement has been invalidated or called into question by a court of competent jurisdiction in a separate proceeding, the plaintiff's claim falls squarely within the holding of *Heck v. Humphrey*.  Accordingly, his cause of action for monetary damages under § 1983 attributable to the alleged unconstitutional confinement has not yet accrued.  *See Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) ("Dismissal of the § 1983 action under 28 U.S.C. § 1915(d) is appropriate, post-*Heck*, because the plaintiff's action has been shown to be legally frivolous").  *See also Stephenson v. Reno*, 28 F.3d 26, 27-28 (5th Cir. 1994); and *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1997).  It is therefore appropriate that this aspect of the plaintiff's § 1983 claim be dismissed as well, with prejudice to re-assertion until the conditions set forth in *Heck v. Humphrey* are satisfied.

  Finally, the plaintiff's Complaint fails to state a claim under § 1983 against the defendants named in this proceeding in any event.  Plaintiff has failed to include any factual allegations relative to the defendants.  In order for a person to be found liable under § 1983, the person must have been personally involved in conduct causing an alleged deprivation of the plaintiff's constitutional rights, or there must be a causal connection between the conduct of that person and the constitutional violation sought to be redressed.  *Lozano v. Smith*, 718 F.2d 756,

768 (5th Cir. 1983).  In the absence of any such factual allegations relative to the defendants, there is no basis for the imposition of liability against them.

## RECOMMENDATION

It is recommended that the plaintiff's action be dismissed, with prejudice, as legally frivolous, and for failure to state a claim upon which relief may be granted[1] pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

Signed in Baton Rouge, Louisiana, on October 6, 2015.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."